

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00088-CR

---

LACHARLES CURTIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2025-CR-0276, Honorable William R. Eichman, Presiding

---

October 8, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, LaCharles Curtis, was initially indicted for murder and remained incarcerated nearly five years under a $300,000 bond. During that period, and even though he was represented by at least three different attorneys, he filed several pro se motions requesting a speedy trial. Eventually, his counsel filed a motion to dismiss the murder indictment for want of a speedy trial. The trial court denied the motion, but shortly thereafter, the State dismissed the murder charge pursuant to a plea agreement under

which Appellant pleaded guilty to tampering with evidence, enhanced[1] under a new indictment. The trial court assessed punishment at confinement for twenty years.

By his sole issue, Appellant argues the trial court abused its discretion in denying his motion to dismiss for failure to grant a speedy trial. Because the murder indictment— the only charge subject to his speedy trial motions—was dismissed, and because Appellant provides no authority extending that remedy to his later tampering conviction, we affirm.

In his prayer for relief, Appellant asks this Court to "reverse the trial court's decision, and remand this case for judgment of acquittal." That request highlights the flaw in his position. The only ruling ever made on his speedy trial motions was the trial court's denial of dismissal of the murder indictment. But the murder charge has since been dismissed—the sole remedy available for a speedy trial violation. *See Strunk v. United States*, 412 U.S. 434, 440 (1973); *Shaw v. State*, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003). How can we grant relief that has already been afforded?

To the extent Appellant suggests he is entitled to an acquittal on the tampering charge, the record shows otherwise. The trial court heard nothing on that issue except Appellant's voluntary guilty plea, and Appellant does not brief how any speedy trial violation could reach a different indictment alleging a different offense. He cites no authority that a speedy trial claim continues after the dismissal of one charge or automatically extends to another. His failure to brief such a theory waives it. *See* TEX R. APP. P. 38.1(i).

---

[1] TEX. PENAL CODE ANN. § 37.09(a)(1), § 12.42(a).

Accordingly, Appellant's sole issue is overruled.  The judgment of the trial court is affirmed.

Alex Yarbrough
Justice

Quinn, C.J., concurs in the result.

Do not publish.